```
                  UNITED STATES BANKRUPTCY COURT
                   EASTERN DISTRICT OF MISSOURI
                         EASTERN DIVISION
IN RE:                            )  NO: 18-44946-659
                                  )  CHAPTER 13
Shamelia Clark,                   )
                                  )  Response Due: 2/20/2020
                                  )  Hearing Date: 2/27/2020
          DEBTOR.                 )  Hearing Time: 11:00 a.m.
                                  )  Courtroom 7 North
```

<u>TRUSTEE'S MOTION TO COMPEL DEBTOR TO FILE AMENDED CHAPTER 13 PLAN WHICH SPECIFIES IN PART 5 OF THE PLAN THAT DEBTOR SHALL PROMPTLY NOTIFY THE TRUSTEE OF ANY LIQUIDATION OF CLASS ACTION CLAIM(S) AND THAT THE GUARANTEE TO NON-PRIORITY UNSECURED CREDITORS REQUIRED BY 11 U.S.C. § 1325(a)(4) SHALL BE RECALCULATED</u>

**PLEASE TAKE NOTICE:** The Trustee's Motion to Compel has been set for a hearing before the Honorable Kathy A. Surratt-States, Chief United States Bankruptcy Judge, in the United States Bankruptcy Court, Thomas F. Eagleton Courthouse, 111 South 10th Street, 7th Floor, North Courtroom, St. Louis, MO, on the 27th day of February, 2020, at 11:00 a.m., or as soon thereafter as the parties can be heard on the matter.

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE BY <u>2/20/2020</u>. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. THE DATE IS SET OUT ABOVE. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**
**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEYS.**

Comes now Diana S. Daugherty, Standing Chapter 13 Trustee, and states to the Court as follows:

1. Debtor filed her chapter 13 petition and schedules on 8/3/2018.

2. Debtor's original schedule A/B lists no unliquidated claims.

3. On 1/9/2020, Debtor filed an amended schedule A/B wherein Debtor discloses her claim(s) against First Financial Federal Credit Union.

4. Amended schedule A/B does not disclose whether Debtor's claim(s) arose before or after Debtor commenced this chapter 13 case. The Trustee believes that Debtor's claim(s) arose prior to the commencement of this chapter 13 case.

5. Orders confirming Debtor's original plan and first amended plan were entered prior to Debtor's disclosure of her claim(s) against First Financial Credit Union.

6. Debtor's confirmed first amended plan does not satisfy the hypothetical chapter 7 liquidation test of 11 U.S.C. § 1325(a)(4) because it fails to address Debtor's pre-petition unliquidated claim(s) that were disclosed in amended schedule A/B.

7. In order for the plan to satisfy 11 U.S.C. § 1325(a)(4), part 5 of the plan should be amended to include language which:

a) Requires Debtor to promptly report any liquidation of the claim(s) to the Trustee, and

b) Provides that the guarantee to non-priority unsecured creditors required by 11 U.S.C. § 1325(a)(4) shall be

recalculated when Debtor's claim(s) are liquidated.

8. Debtor's pre-petition claim(s) is property of the bankruptcy estate pursuant to 11 U.S.C. § 1306(a)(1) and would have been property of the bankruptcy estate had Debtor filed this case under Chapter 7 of the Bankruptcy Code.

9. Had Debtor disclosed the pre-petition claim(s) in her original schedules, the Trustee would have objected to Debtor's plan because it fails to account for said claim(s) as required by 11 U.S.C. § 1325(a)(4).

**WHEREFORE,** the Trustee prays that the Bankruptcy Court enter an order directing Debtor to file an amended chapter 13 plan which requires Debtor to promptly report any liquidation of her claim(s) and which provides that the guarantee to non-priority unsecured creditors required by 11 U.S.C. § 1325(a)(4) may be recalculated upon the liquidation of the claim(s); and the Trustee prays for any other relief that the Bankruptcy Court deems necessary and just under the circumstances.

Respectfully Submitted,

/s/ Joseph M. Wilson
Diana S. Daugherty
Chapter 13 Trustee
Joseph M. Wilson
#123953 MO#51849
Attorney for Trustee
P.O. Box 430908

```
                              St. Louis, MO 63143
                              (314) 781-8100
                              (314) 781-8881 fax
                              E-Mail: trust33@ch13stl.com
```

CERTIFICATE OF SERVICE

    The undersigned hereby certifies that the above Trustee's Motion was filed electronically with the United States Bankruptcy Court on the _22nd_ day of January, 2020, and has been served on the parties in interest via e-mail by the Court's CM/ECF System as listed on the Court's Electronic Mail Notice List.

The undersigned hereby certifies that the above Trustee's Motion was filed electronically with the United States Bankruptcy Court and has been served by Regular United States Mail Service, first class, postage fully pre-paid, addressed to the parties listed below, on the _22nd_ day of January, 2020:

Shamelia Clark
3517 Itaska St.
St. Louis, MO 63111

                                                   /s/ Joseph M. Wilson